STATE OF NEBRASKA, EX REL. F. D. HUNKER, v. FRANK WEST.

FILED JULY 10, 1901.  No. 10,161.

Commissioner's opinion, Department No. 2.

Township: SUPERVISORS CAN FILL VACANCY IN THEIR BOARD. Where a vacancy occurs in a board of supervisors in a county under township organization the remaining members of the board constitute the proper authority to fill such vacancy.

ERROR from the district court for Cuming county. Tried below before EVANS, J. *Affirmed.*

*F. D. Hunker, M. McLaughlin, J. C. Crawford* and *T. M. Franse,* for plaintiff in error.

*McNish & Oleson, contra.*

OLDHAM, C

This was an information in quo warranto filed by the county attorney of Cuming county, Nebraska, to test the

legality of the appointment of the respondent to the office
of supervisor of the third district of Cuming county. All
the facts were set up in the information. The respondent
demurred to the information, and his demurrer was sus-
tained by the court below, the information dismissed, and
relator brings error.

The only question involved in the controversy is as to
the proper appointing power when a vacancy occurs by
resignation in a board of supervisors in a county under
township organization. It appears from the information
that a vacancy occurred in the board of supervisors of
Cuming county on account of the resignation of the mem-
ber from the third supervisor district of said county. Af-
ter this vacancy occurred the county clerk, the county
treasurer and the county judge attempted to fill the va-
cancy by the appointment of Owen Kane, who immediately
filed his bond, subscribed to the oath of office and de-
manded the office. The remaining members of the board
of supervisors refused to recognize the appointment so
made, and proceeded to appoint the respondent, Frank
West, who immediately qualified and entered upon the dis-
charge of his duties under the appointment made by the
members of the board. Relator claims that the appoint-
ment in this case should be made as provided for in sec-
tion 103, chapter 26, of the Compiled Statutes of 1897.
In the case of the *State v. Taylor*, 26 Nebr., 580, it was held
that this section of the statute did not apply to vacancies
in a board of supervisors in a county under township or-
ganization under the law as it existed in 1883. It was
there held that a supervisor, in respect to his election and
appointment, was a township and not a county officer.
Chapter 28 of the Laws of 1895, which is now chapter 18,
article 4, of the Compiled Statutes of 1899, repealed all
former acts governing township organization and substi-
tuted a new and complete act in lieu thereof. Section 7
of this act provides: "The county commissioners of any
such county having adopted township organization shall
each be assigned to the supervisor district in which he may

reside, or if two reside in one district then the one residing nearest the center of such district shall be the supervisor of such district and the other shall be the supervisor for the district nearest to his residence, and the three shall forthwith, appoint four supervisors to fill the vacancies in the other four supervisors' districts, and the newly appointed supervisors shall duly qualify and file their oath to office and bond with the county judge within ten days after such appointment. Any vacancy shall be filled by appointment by the remaining supervisors." We think that a fair construction of this section makes the concluding sentence confer the authority on the remaining members of the board to fill any vacancies that may occur in the board. If it had been the intention of the framers of this act to limit the power of the board in filling vacancies to such vacancies as existed at its first meeting, the last sentence of this section should have been eliminated, because the power to fill vacancies existing at the time a change is made in a county from the commissioner to the supervisor system is fully provided for with the last sentence of this section stricken out. In construing a statute, every word and sentence should be given full effect, if possible; and to give the concluding sentence of this section any force or effect whatever it must be interpreted to confer the power of filling any vacancy, occurring in a board of supervisors, on the remaining members of the board. In the case of *State v. Rankin,* 33 Nebr., 266, it was held: "Where a law creating an office specifically provides how vacancies occurring in such office shall be filled, such provision, and not the general law on the subject of vacancies, governs and controls the method of filling vacancies in such office."

It is therefore recommended that the judgment of the district court be affirmed.

SEDGWICK and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.